UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TLC OF THE BAY AREA, INC.,<br><br>    Defendant. | Case No. 5:16-cv-05524-HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 26 |

    Plaintiff Daniel Hernandez sues for himself and on behalf of two putative subclasses for rescission of an arbitration agreement due to alleged fraud, as well as for alleged violation of California Health and Safety Code § 1430(b). Hernandez invokes this court's diversity jurisdiction, 28 U.S.C. § 1332. Pursuant to Fed. R. Civ. P. 12(b)(6), defendant TLC of the Bay Area, Inc. (TLC) moves to dismiss the First Amended Complaint (FAC) for failure to state a claim. TLC also moves to strike the class allegations pursuant to Fed. R. Civ. P. 12(f). Plaintiff opposes the motion. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the court grants TLC's motion to dismiss and deems moot the motion to strike.[1]

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

**BACKGROUND**

The following facts are drawn from the FAC. Additionally, as will be discussed, the parties have separately stipulated to the dates of plaintiff's admission to and discharge from the facility in question.

Hernandez is a former resident of one of the skilled nursing facilities (Facility) owned and operated by TLC. The parties stipulate that he was admitted to the Facility on June 23, 2015. On or about that date, plaintiff entered into an Arbitration Agreement with the Facility. (FAC, Ex. 1). That agreement provides that any disputes between plaintiff and the Facility "shall be resolved exclusively by binding arbitration" to be conducted "in accordance with the National Arbitration Forum Code of Procedure, which is hereby incorporated into this Agreement, and not by a lawsuit or resort to court process." (Id. at 1). In a footnote, the agreement provides a phone number, fax number, and a website address where information about the National Arbitration Forum (NAF) and a copy of the Code of Procedure can be obtained. (Id. at 1 n.1).

The Arbitration Agreement expressly states that it is not part of the Admissions Agreement and that residents are not required to sign the Arbitration Agreement as a condition of admission. (FAC, Ex. 1).

The parties stipulate that plaintiff was discharged from the Facility a few months later on September 15, 2015.

On June 22, 2016, Hernandez sued TLC in state court for alleged elder abuse. On August 9, 2016, TLC requested a 45-day extension to respond to Hernandez's state court complaint. Then, on August 24, 2016, TLC sent a letter stating that TLC "has found that Daniel Hernandez agreed to arbitrate any claims involving his care" and requesting that plaintiff "voluntarily dismiss the above action and proceed to arbitrate his claims." (FAC ¶ 26, Ex. 7). On September 13, 2016, TLC wrote a letter advising that TLC would be filing a motion to compel arbitration. That motion was filed that same day. (Id. ¶ 27, Exs. 8, 9).

Hernandez then filed this federal putative class action here on September 28, 2016, asserting a sole claim for relief under California Health & Safety Code § 1430(b). He alleged that TLC fraudulently duped residents into signing the Arbitration Agreement, thereby depriving them

of their right to a jury trial. The claim was based on allegations that, since 2009, NAF had ceased administering arbitrations involving consumers and that the NAF's Code of Procedure was not accessible online. TLC moved to dismiss the original complaint, arguing (among other things) that the allegations did not give rise to a plausible or actionable claim for relief. That motion was mooted when Hernandez timely filed his FAC as a matter of right under Fed. R. Civ. P. 15(a).

The FAC adds a claim seeking rescission of the Arbitration Agreement due to fraud. It continues to assert a claim for violation of California Health & Safety Code § 1430(b) for alleged deprivation of the right to a jury trial. And, Hernandez continues to bring his claims for himself and on behalf of two putative subclasses. Both subclasses are comprised of current and former residents of skilled nursing facilities owned, operated, or managed by TLC. The only difference is that Subclass 2 consists of individuals against whom TLC tried to enforce the Arbitration Agreement. (FAC ¶ 1). The gravamen of the FAC continues to be that TLC fraudulently duped plaintiff and putative class members into signing the Arbitration Agreement, even though the NAF no longer administers consumer disputes and the NAF's Code of Procedure was not accessible online.

Meanwhile, back in state court---on November 11, 2016, TLC answered Hernandez's complaint and ceased efforts to enforce the Arbitration Agreement.

In this federal suit, TLC once again moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). TLC contends that plaintiff's right to a jury trial is not one that is protected by Cal. Health & Safety Code § 1430(b). And, TLC says that the § 1430(b) claim is time-barred anyway. Additionally, TLC argues that the FAC does not sufficiently allege facts supporting a claim for rescission based on fraud. As to both claims, defendant maintains that the FAC does not allege facts establishing any plausible claim for relief. Pursuant to Fed. R. Civ. P. 12(f), TLC also moves to strike the class allegations, arguing that individual issues of causation and reliance will necessarily predominate over any common issues of law or fact.

For the reasons to be discussed, this court grants the motion to dismiss both claims for relief and deems moot the motion to strike the class allegations.

# DISCUSSION

## A. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

### 1. Legal Standard

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990);

MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).[2]

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

### 2. Fraud

Plaintiff seeks to rescind the Arbitration Agreement, alleging that TLC concealed information and fraudulently induced him to sign that contract. TLC moves to dismiss this claim as implausible and lacking particularity. For the reasons to be discussed, the court agrees.

To satisfy pleading requirements under Fed. R. Civ. P. 8, "the Supreme Court has held that an 'entitlement to relief' requires 'more than labels and conclusions. . . . Factual allegations must be enough to raise a right to relief above a speculative level.'" Eclectic Properties East, LLC v. Marcus & Millichap Co., 751 F.3d 990, 995 (9th Cir. 2014) (quoting Twombly, 550 U.S. at 555). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" Id. (quoting Twombly, 550 U.S. at 556, 557). In evaluating plausibility, "courts must also consider an 'obvious alternative explanation' for defendant's behavior." Id. at 996. "When faced with two possible explanations [for a defendant's behavior], only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation." In re Century Aluminum Co. Sec. Litig., 729 F.3d 1104, 1108 (9th Cir. 2013) (citing Iqbal, 556 U.S. at 678)). Rather, "[s]omething more is needed, such as facts tending to exclude the possibility that the alternative explanation is true." Id.

The Ninth Circuit follows a two-step process for evaluating pleadings:

First, to be entitled to the presumption of truth, allegations in a complaint or

---

[2] Plaintiff's counsel submitted a declaration and appended exhibits that cannot properly be considered on the present motion. In any event, the declaration merely re-submits copies of documents that are appended to the FAC and which the court has considered in ruling on this motion.

5

> counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Levitt v. Yelp!, Inc., 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting Eclectic Properties East, LLC, 751 F.3d at 996). "In all cases, evaluating a complaint's plausibility is a 'context-specific' endeavor that requires courts to 'draw on . . . judicial experience and common sense.'" Levitt, 765 F.3d at 1135 (quoting Eclectic Properties East, LLC, 751 F.3d at 995-96).

The elements of a fraud claim are (1) a misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage. Lazar v. Super. Ct., 909 P.2d 981, 984 (Cal. S. Ct. 1996). Fraud in the inducement is a subset of fraud that "occurs when the promisor knows what he is signing but his consent is *induced* by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is *voidable*." Rosenthal v. Great W. Fin. Sec. Corp., 926 P.2d 1061, 1073 (Cal. S. Ct. 1996) (citation omitted) (emphasis in original).

A claim for fraudulent concealment requires: "'(1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact.'" Marentes v. State Farm Mut. Auto. Ins. Co., 224 F. Supp.3d 891, 923 (N.D. Cal. 2016) (quoting Hambrick v. Healthcare Partners Med. Grp., Inc., 238 Cal.App.4th 124, 162, 189 Cal.Rptr.3d 31 (2015)).

For all fraud-based claims, a "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id. Even so, such allegations must still be plausible. Iqbal, 556 U.S. at 686-87 (2009) (holding that Rule 9 "merely excuses a party from

pleading . . . intent under an elevated pleading standard," but it "does not give him license to evade the less rigid---though still operative---strictures of Rule 8").

Here, the FAC's allegations are largely conclusory and not the sort that the court is obliged to accept as true. But, according to the FAC's factual allegations, the Arbitration Agreement was false because it stated that proceedings would be conducted in accordance with the NAF's Code of Procedure, when plaintiff says that, in truth, the NAF stopped administering consumer disputes in 2009 and thus the Code of Procedure is not in effect and cannot be found on the NAF's website. (See, e.g., FAC ¶¶ 17-18). Inasmuch as the agreement does not actually say that the NAF will conduct the arbitration, TLC disputes that there is any misrepresentation. But, even assuming the truth of the FAC's allegations, plaintiff has not pled sufficient facts "nudg[ing] [his] claim[] across the line from conceivable to plausible." Twombly, 550 U.S. at 570. The FAC contains no factual allegations plausibly suggesting that defendant had knowledge of any falsity or specific intent to defraud. Knowledge and fraudulent intent cannot be inferred from the mere fact that the NAF stopped arbitrating consumer disputes in 2009 or that the Code of Procedure cannot be accessed online. More to the point, what would be the benefit to TLC of purporting to require arbitration with an entity that no longer administers such matters, with rules that allegedly are defunct? Presumably, the parties could agree on another provider (assuming they both were willing to arbitrate), or the Arbitration Agreement would be deemed invalid. As it is, under the particular factual context presented here, plaintiff never attempted to arbitrate his elder abuse claims against defendant, TLC abandoned all efforts to enforce the Arbitration Agreement, and plaintiff confirmed at oral argument that his elder abuse case is proceeding in the state court. Plaintiff alleges that if he had known that the NAF no longer conducted consumer disputes, he would not have become a resident of the Facility. But, as discussed, the Arbitration Agreement itself says that it is not part of the Admissions Agreement and that residents are not required to sign the Arbitration Agreement as a condition of admission.

Defendant's motion to dismiss this claim is granted.

### 3. Cal. Health & Safety Code § 1430(b)

For much the same reasons, plaintiff's claim under California Health & Safety Code §

1430(b) also fails. Section 1430 is part of the Long-Term Care Act (Act), which creates "a detailed statutory scheme regulating the standard of care provided by skilled nursing facilities to their patients," Kizer v. County of San Mateo, 806 P.2d 1353, 1355 (Cal. S. Ct. 1991), and "is designed to ensure 'that long-term health care facilities provide the highest level of care possible,'" Nevarrez v. San Marino Skilled Nursing & Wellness Centre, 163 Cal. Rptr.3d 874, 899 (Cal. App. Ct. 2014) (quoting Cal. Health & Safety Code § 1422(a)).

Section 1430(b) of the Act allows a current or former resident or patient of a skilled nursing facility to sue "the licensee of a facility who violates any rights of the resident or patient as set forth in the Patients Bill of Rights in Section 72527 of Title 22 of the California Code of Regulations, or any other right provided for by federal or state law or regulation." Cal. Health & Safety Code § 1430(b). The crux of the parties' dispute is whether the right to a jury trial, secured by the California Constitution, falls within the scope of the statute. Even assuming, without deciding, that it does, the court agrees that the FAC fails to allege a plausible claim for relief.

Here, the FAC alleges that (1) plaintiff was fraudulently induced to sign the Arbitration Agreement by the misrepresentation that arbitration would be conducted in accordance with the NAF's Code of Procedure; and (2) defendant initially sought to enforce that agreement in his state court suit. As discussed, plaintiff fails to state a plausible claim for fraud in connection with the Arbitration Agreement. In any event, the FAC fails to allege facts demonstrating that plaintiff's right to a jury trial was, as a practical matter, impaired. Under the specific factual context presented here, defendant withdrew its motion to compel arbitration early in the state court litigation, at a time when that suit was nowhere near trial; TLC answered plaintiff's state court complaint; and, by all accounts the case is proceeding in the state court. Assuming all state court requirements for a jury are satisfied, defendant says that if plaintiff wants a jury trial, then that is what he shall have. At best, the FAC's allegations demonstrate that deprivation of his right to a jury trial was conceivable; but, it simply is not plausible. Defendant's motion to dismiss this claim is granted.

### B. Fed. R. Civ. P. 12(f) Motion to Strike Class Allegations

Having concluded that the FAC fails to state a claim for relief, the court deems defendant's

motion to strike the class allegations moot.

**ORDER**

Based on the foregoing, defendant's motion to dismiss is granted.[3]  Plaintiff having had an opportunity to amend his allegations, this court finds no basis to conclude that the FAC can be amended yet again to state a claim for relief.  Accordingly, defendant's motion to dismiss is granted without leave to amend.  Defendant's motion to strike the class allegations is deemed moot.  The clerk shall enter judgment and close the file.

SO ORDERED.

Dated:   July 12, 2017

HOWARD R. LLOYD
United States Magistrate Judge

---

[3] The court finds it unnecessary to address defendant's alternate arguments for dismissal of plaintiff's claims.

5:16-cv-05524-HRL Notice has been electronically mailed to:

David Michael Medby     dmedby@lawgarcia.com, bartigliere@lawgarcia.com, jheasley@lawgarcia.com, sgarcia@lawgarcia.com

Jon Peter Kardassakis     Jon.Kardassakis@lewisbrisbois.com, cora.ruvalcaba@lewisbrisbois.com

Stephen Michael Garcia     jmobley@lawgarcia.com, dmedby@lawgarcia.com

William Michael Artigliere     bartigliere@lawgarcia.com

Zourik Zarifian     zourik.zarifian@lewisbrisbois.com